IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSIE JESUS MARQUEZ,

    Movant,

vs.                                                              No. CV 19-00555 RB/KK
                                                              No. CR 13-03367 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Movant Jessie Jesus Marquez. (CV Doc. 1; CR Doc. 641.) The Court will deny the § 2255 Motion.

**I.    Factual and Procedural Background**

The facts underlying Marquez's conviction and sentence are set out in *United States v. Marquez*, 898 F.3d 1036 (10th Cir. 2018). "In January 2013, law enforcement began investigating Robert Christner's methamphetamine dealings in and around Alamogordo, New Mexico." *Id.* at 1040. "Investigators conducted several controlled drug purchases from Christner and began attempting to identify his suppliers and distributors." *Id.* "They also surveilled and interrupted two drug deals—one in March 2013 and one in June 2013—in which Christner attempted to buy several pounds of methamphetamine from suppliers in Arizona." *Id.*

"During the course of this investigation, investigators obtained wiretaps on Christner's phones, allowing them to intercept many of his calls and text messages." *Id.* "Then, when Christner set up meetings over the phone, investigators sometimes surveilled those meetings." *Id.* "In one such instance, they identified Marquez as someone who had spoken to Christner on the phone

about obtaining methamphetamine and had arranged to meet up with him." *Id.* "And after identifying Marquez, they obtained a wiretap for his phone as well." *Id.* "Highly summarized, the intercepted calls between Christner and Marquez suggested that (1) Marquez distributed methamphetamine that he obtained from Christner and (2) when Christner's methamphetamine supplier fell through, Marquez tried to find him a new supplier." *Id.*

"The investigation as a whole resulted in an indictment charging Marquez and 17 other individuals with conspiracy to distribute 500 grams and more of methamphetamine." *Id.* (citation omitted). "The indictment further charged Marquez with two counts of possessing methamphetamine with the intent to distribute and four counts of using a phone to facilitate a drug felony." *Id.* "Marquez proceeded to trial, and the jury convicted him of conspiracy, all four phone counts, and one possession-with-intent count." *Id.* "The . . . [C]ourt sentenced him to 121 months in prison" on February 17, 2017. *Id.* (*See also* CR Doc. 529.)

Marquez appealed the conviction and sentence to the United States Court of Appeals for the Tenth Circuit. (CR. 531.) The Tenth Circuit affirmed the conviction and sentence on August 7, 2018. (CR Doc. 599.) The United States Supreme Court denied certiorari review on December 10, 2018. (CR Doc. 609.) During the pendency of his appeal, Marquez also filed a Motion to Reduce Sentence, which the Court denied. (CR Docs. 551; 565.)

Marquez filed his Motion to vacate, set aside, or correct his sentence on June 13, 2019. (CV Doc. 1; CR Doc. 641.) In his § 2255 Motion, Marquez raises two claims:

> CLAIM ONE: Ineffective Assistance of Counsel of Trial and Direct Appeal Counsel in violation of the 6th and 14th Amendments to the U.S. Constitution: which guarantee Mr. Marquez counsel for his defense and impartial Jury Trial, the due process of law and equal protection of the law.
> . . .
>
> CLAIM TWO: The government violated Article 3(2), and Mr. Marquez's right to be tried by presentation of Indictment as guaranteed to him by the due process and

2

equal protection clause of the 5th and 14th Amendment to the United States Constitution of America.

(CV Doc. 1 at 6, 8; CR Doc. 641 at 6, 8).

## II.     Collateral Review Under 28 U.S.C. § 2255

Marquez seeks collateral review of his sentence under 28 U.S.C. § 2255. Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral Attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Marquez appears to claim his constitutional rights under Article III, Section 2 and the Fifth, Sixth, and Fourteenth Amendments were violated during the trial proceedings in this case. (CV Doc. 1 at 6, 8; CR Doc. 641 at 6, 8.) Because Marquez was indicted, tried, convicted, and sentenced in federal court, the Fourteenth Amendment has no application to Marquez's claims. The Fourteenth Amendment extends due process and equal protection rights to actions by the State, and there is no State action involved in Marquez's claims. U.S. Const. Amend. XIV, Section 1. As is set out, below, Marquez also fails to establish a basis for relief under Article III, Section 2 or the Fifth or Sixth Amendment to the United States Constitution.

### A.     Marquez Did Not Receive Ineffective Assistance of Counsel

Marquez first claims ineffective assistance of trial and direct appeal counsel in violation of his Sixth Amendment rights. (CV Doc. 1 at 6; CR Doc. 641 at 6.) The Court has reviewed the Motion and the record. Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court determines that an evidentiary hearing is not warranted. The Court concludes that the record is

sufficient and the § 2255 Motion and the record fail to establish any claim of ineffective assistance of counsel.

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. In order to establish a constitutional claim of ineffective assistance of counsel, a movant must demonstrate: (1) that his counsel's performance was deficient, and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, the movant "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

In relation to his claims of ineffective assistance of counsel, Marquez alleges the following "supporting facts":

> A. – Mr. Marquez has been denied the due process of law.
> B. – Trial Counsel failed to timely and properly object and file all proper pretrial motions as required pursuant to F.R. Crim. P. (b) . . . .
> C. – Direct Appeal Counsel failed to perfect Mr. Marquez's direct appeal. . . .
> D. – Trial Counsel and Direct Appeal Counsel failed to timely and properly file a motion to dismiss the Indictment, Judgement, Conviction, and Sentence based on the true fact that trial Court lost "Jurisdiction" once it altered or amended the information and indictment by striking the 500 gram criteria element in the indictment . . . .
> E. – In the instant case, the government chose to argue all the evidence in one indictment with duplicitous counts premised under one conspiracy with one time frame . . . .

> F. – Trial Counsel and Direct Appeal Counsel failed to properly challenge the altered indictment, judgment, conviction and sentence pursuant to the true fact that Mr. Marquez never waived his right to be tried by indictment. . . .
> G. – Moreover, F.R. Crim. P. (d, e) are violated because neither the Court nor the Attorneys could have [stipulated], to alter or strike language from the indictment, "to create jurisdiction" once it was presented to the Jury. In this case, the Jury was hung, (respectfully): either by neglect or negligence or design all attorneys for Mr. Marquez were very ineffective.
> H. – Now Mr. Marquez states under penalty of perjury that he suffered prejudice.

(CV Doc. 1 at 6-7; CR Doc. 641 at 6–7.) The majority of Marquez's allegations are generalized and conclusory, such as his allegation that he was denied due process and that counsel failed to properly object and file all proper pretrial motions. (CV Doc. 1 at 6-7; CR Doc. 641 at 6–7.) He claims a denial of due process but does not identify any specific process that he did not receive or was denied. (CV Doc. 1 at 6; CR Doc. 641 at 6.) He contends counsel failed to properly object and to file all proper pretrial motions, but he does not identify the matters counsel failed to object to nor does he specify what pretrial motions should have been, but were not, filed. (CV Doc. 1 at 6; CR Doc. 641 at 6.) His allegations fail to factually demonstrate that the performance of any individual attorney was deficient. *See Strickland*, 466 U.S. at 687–88. Further, his generalized statement that he "suffered prejudice" does not show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. He does not allege, much less factually support, the likelihood of a different result. *See Harrington*, 562 U.S. at 112.

To the extent Marquez does make more specific allegations, the record does not support, and in fact contradicts, any claim of ineffective assistance of counsel. First, Marquez argues that Direct Appeal Counsel failed to perfect Marquez's direct appeal. (CV Doc. 1 at 6; CR Doc. 641 at 6.) The record, however, clearly establishes that counsel perfected Marquez's direct appeal. (CR Docs. 531; 536; 537.) At Marquez's request, trial counsel was replaced by court-appointed appeal

counsel and Marquez was represented by appointed counsel during the appeal. (CR Docs. 542; 543.) Marquez also filed a petition for writ of certiorari which was denied by the U.S. Supreme Court. (CR Docs. 608; 609.) The fact that the Tenth Circuit did not rule in Marquez's favor does not, alone, demonstrate any deficient performance of counsel in perfecting or arguing the appeal. *See Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002); *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Marquez's allegations in paragraphs D, E, F, and G all appear to relate to an incorrect and unsupported argument that the Court, prosecution, and defense counsel altered the Indictment by striking the 500-gram criteria. (CV Doc. 1 at 7; CR Doc. 641 at 7.) Count I of the Grand Jury Indictment stated that Marquez and others:

> unlawfully, knowingly, and intentionally combined, conspired, confederated and agreed with each other and with other persons whose names are known or unknown to the Grand Jury to commit an offense against the United States, specifically, distribution of 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

(CR Doc. 2 at 2.) During the jury trial, the jury submitted a question asking:

> In deciding guilty/not guilty on Count I, we read and understand that the amount of 500g or more is a criteria embedded in the indictment in Count I (as part and parcel of the charge), but on the verdict sheet there is a yes/no checkoff on Count I. Please clarify: Can we agree on 'guilty' for Count I and not agree that it involved more than 500 grams? Or do we have to mark 'YES' to the grams in order to find guilty on the charge?

(CR Doc. 486 at 5.) The Court discussed the question at length with the prosecution and defense counsel, heard the prosecution and defense counsel's objections and concerns, and concurred in the jury's understanding that the 500-gram criteria was embedded in Count I of the indictment. (CR Doc. 493 at 86–94.) The Court and counsel sought to avoid post facto retooling of the jury instructions and concluded that the jury's question could be answered without creating a retooling

issue. (CR Doc. 493 at 86–94.) The Court answered that 500 grams was an element of the offense and "Jurors, if you agree unanimously as to guilt on Count I, you may disregard the 'yes/no' question that follows." (CR Doc. 493 at 93–94.) The record does not reflect that any language was stricken from the Indictment, nor does it demonstrate any deficient performance by defense counsel. *See Strickland*, 466 U.S. at 687–88.

Marquez's misunderstanding of the events relating to the jury verdict does not support a claim of ineffective assistance of counsel. The Tenth Circuit concluded that, from the evidence presented at trial, a reasonable jury could conclude that the essential objective of the conspiracy was to distribute more than 500 grams of methamphetamine and Marquez knew as much. *See Marquez*, 898 F.3d at 1042. The record fails to establish deficient performance by Marquez's counsel or that, even if counsel's performance was deficient, there is a likelihood of a different result and Marquez was prejudiced by the deficiencies. *See Strickland,* 466 U.S. at 687–88; *Harrington*, 562 U.S. at 112.

**B.     Marquez was not Deprived of his Right to Trial on Indictment**

In Claim Two, Marquez alleges "[t]he government violated Article 3(2) and Mr. Marquez's right to be tried by presentation of Indictment as guaranteed to him by the due process clause and equal protection clause of the 5th Amendment." (CV Doc. 1 at 8; CR Doc. 641 at 8.) Article III, Section 2 of the Constitution provides that "the Trial of all Crimes . . . shall be by Jury, and such Trial shall be held in the State where such Crimes shall have been committed." U.S. Const. Article III, Section 2. The Fifth Amendment states "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V.

The record, again, does not support Marquez's contention that he was not tried on an indictment by the Grand Jury. To the contrary, the record shows that Marquez was indicted by a Grand Jury on October 16, 2013 (CR Doc. 2.) At trial, the jury was expressly instructed that "[t]he defendant is before you upon an Indictment by the Grand Jury." (CR Doc. 484 at 14.) The jury instructions set out the language on Counts 1, 13, 23, 29, 30, 36, and 41 contained in the Indictment and directed the jury to decide the case based on the Indictment language. (*Id.* at 12, 14–16.) The jury confirmed that it did, in fact, understand the Indictment and unanimously agreed on a verdict of guilty on those counts of the Indictment. (CR Doc. 493 at 97–100.) The Indictment and trial of Marquez clearly comport with the requirements of Article III, Section 2, and the Fifth Amendment of the Constitution.

In support of his second claim, Marquez again argues that the questions by the jury, answers by the Court, and time pressure resulted in an altered Indictment. (CV Doc. 1 at 9–10; CR Doc. 641 at 9–10.) Marquez's argument has been raised and rejected by the Court several times during the criminal proceedings. (CR Doc. 497, 501, 551, 565.) Further, as is set out above, the proceedings relating to jury questions did not result in any alteration of the Indictment. (CR Doc. 493 at 86–94.) The jury convicted Marquez on the express language of the Indictment. (CR Doc. 484 at 12, 14–16.) The jury unanimously agreed on a verdict of guilty on those counts of the Indictment. (CR Doc. 493 at 97–100.) The Tenth Circuit affirmed the jury's verdict, concluding that "the evidence was sufficient for a rational jury to find Marquez guilty of using a phone to facilitate a drug felony, participating in a conspiracy to distribute over 500 grams of methamphetamine, and possessing methamphetamine with the intent to distribute it." (DV Doc. 1 at 19; CR Doc. 641 at 19.) The record does not establish that Marquez's constitutional rights under Article III, Section 2 or the Fifth Amendment were violated in this case.

**III.    Conclusion**

Marquez fails to show that he received ineffective assistance in violation of his Sixth Amendment right to counsel. Marquez also fails to demonstrate that he was not tried on presentment of an indictment in violation of his rights under Article III, Section 2 or the Fifth Amendment to the Constitution. The Court will deny his § 2255 claims and dismiss this proceeding. The Court also determines that, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, Marquez has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that Marquez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 641) is **DENIED**, a certificate of appealability is **DENIED** under Rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment will be entered dismissing this § 2255 case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE